HERRIMAN v. McKEE.

1. **Promissory Note**: LIFE INSURANCE: CONTRACT. A promissory note provided that one month after a certain policy of life insurance should become due and payable, the makers of the note, who were the insured and his wife, would pay eight hundred dollars to the payee of the note: *Held*, that the note did not constitute a contract binding the wife to pay the note out of the proceeds of the policy.

*Appeal from Van Buren Circuit Court.*

THURSDAY, SEPTEMBER 19.

PLAINTIFF filed in the Circuit Court of Van Buren county, sitting as a court of probate, a promissory note in the following words:

"INDEPENDENT, Iowa, April 9, 1877.

"On or before one month after the benefits of the policy given by the Connecticut Mutual Life Insurance Company, of Hartford, Connecticut, to Nathaniel W. McKee is due and payable, we or either of us promise to pay to the order of Charles H. Herriman the sum of eight hundred dollars ($800), value received, and to bear ten per cent interest from date, unless paid within one month after it becomes due; and if paid within one month after due, then to bear no interest.

"A. W. McKEE.
"C. McKEE."

The plaintiff asked that the amount of the note, with interest and costs, be allowed as a claim against the estate, and that the administratrix be required to pay the same out of the proceeds of insurance upon the life of the decedent. The claim was allowed, but the court found that there was no contract or arrangement for paying the claim out. of the. insurance, and refused the order to that effect. Plaintiff appeals.

*Lea & Beaman,* for appellant

*Work & Brown,* for appellee.

BECK, J.—I. The plaintiff alleges, in his claim presented to the Circuit Court, that the decedent and his wife, who united in the execution of the note which was given for the purchase of a house and. lot to be used as their home, agreed that the proceeds of insurance upon the life of deceased should be applied in payment of the note, and that since the death of decedent the insurance money has been received by defendant. There was a general denial of plaintiff's claim, and certain special defenses were pleaded which need not be set out here.

II. In the progress of the trial certain exceptions were taken by plaintiff to rulings of the court upon the admission of evidence. These rulings are now assigned for error. They demand but brief consideration.

The plaintiff testified that he had received the policy referred to in the note from Mrs. McKee, her husband being present. He was asked whether this was before or after the execution of the note, and an objection to this question was sustained. We think the question was unobjectionable, but fail to discover any possible prejudice resulting to plaintiff from this ruling. No prejudice is pointed out by plaintiff's counsel.

III. The plaintiff testified that he took the policy to a lawyer, and was asked what purpose he had in taking it there. An objection to the question was rightly sustained. His pur-

poses or intention could have had no effect upon the defendant's rights.

IV. The plaintiffs introduced in evidence certain declarations and conversations of the decedent in his life-time, and of his wife, the defendant, which, it is claimed, tend to show an arrangement and agreement that the note should be paid from the proceeds of the life insurance. It does not appear that this testimony was excluded. The amended abstract shows that it was admitted subject to objections. The original abstract states substantially the same fact. It is not shown that this evidence was afterward excluded. The objection made here to the alleged exclusion of the testimony is not based upon the facts as they are presented to us.

V. Under Code, §§ 1182, 2372, the avails of the insurance upon the life of the decedent are exempt from claims

1. PROMISSORY note: life insurance: contract.

against his estate unless a special contract or arrangement, or an assignment of the policy, be shown. Plaintiff insists that such an arrangement or agreement is established by the evidence. We think differently. The note, upon its face, does not disclose a contract of the character required to give plaintiff a claim upon the money. The other testimony in this case, regarding it all as admissible, falls short of establishing such an agreement or arrangement. The most that can be claimed 'for the declarations of decedent and his wife is that they show a purpose or intention upon their part to devote the avails of the life insurance in payment for the property bought of plaintiff.

There is also evidence tending to show that decedent agreed that the note should be paid out of the insurance money when the contract for the purchase of the property and the note were executed. If we regard this evidence as admissible, which we do not decide, it is far from being sufficiently clear and satisfactory. We would be unwilling to hold that it established an agreement or arrangement that the avails of the life insurance should be devoted to the pay-

ment of the plaintiff's claims.    The parties reduced their con-
tract in regard to the purchase of the property to writing, in
the form of a bond for a deed by plaintiff, and the note filed
as the basis of plaintiff's claim.    No agreement or arrange-
ment of the character set up by plaintiff is found therein.    If
it be competent to show such an arrangement made at the
time of the transaction by oral testimony, it ought, at least,
to be established with the clearness and explicitness required
to prove a contract.    But the oral evidence falls short of this
requirement.

The judgment of the Circuit Court is

AFFIRMED.